Smith, J.
The act of April 20, 1894, entitled f< an act to impose a di *299 rect inheritance tax ” (91 Ohio L. 166) is not in conflict with section 2 of article 12 of the constitution of the state, as imposing a tax on property by other than a uniform rule. The tax attempted to be imposed is not upon the property itself, viz: “ that which passed by will, the intestate laws of the state, or by deed, grant, sale or gift made or intended to take effect in possession or enjoyment after the death of the grantor ;” but is in the nature of an excise tax upon the right or privilege of succession to such property; and the right of the general assembly, under the provisions of section 1 of article 2, which vests the legislative power of the state in such body to impose excise taxes, must, under the decisions of the Supreme Court of the state, be fully recognized, and if imposed in accordance with the general principles which underlie the constitution, must be held to be valid.
2. Such act is not in conflict with section 26, of article 2, of the constitution, which provides that “ all laws of a general nature shall have a uniform operation throughout the state.”
3. But all laws imposing such excise tax must, in accordance with the reason and spirit of the constitution, be uniform, in their operation. As held in Railway Co. v. Connelly, 10 Ohio St. 160, “assessments” (which like excise taxes do not seem to be governed by the limitation on the taxing power created by section 2 of article 12), “must be uniform, affecting all the owners and all the property abutting on the street alike. One rule cannot be applied to one owner, and a different rule to another owner.” Nor can they be upheld if ..substantially and necessarily unequal and unjust. In our judgment the statute iu question is in contravention of ^this principle. It provides, in section 1, that ■“ when the value of the entire property of such decedent exceeds the sum of $20,000.00 and does not exceed the sum of $50,000.-00, the tax shall he one per cent.; when it exceeds $50,000.-00, and does not exceed $100,000.00, one and one-half per *300 cent.,” and then it proceeds to fix higher rates of taxes on higher grades. There is no exemption to all persons, of taxes on property of the value of $20,000; but if the amount or value of the property which one receives is less than $20,000, no tax is imposed thereon. But if the amount or value of the estate be over $20,000, say $20,001, then the tax must be paid on the whole sum and not simply on the amount over $20,-000. And thus in the first case, the person taking the estate would reeeive the whole amount thereof, while in the other case, he would receive but $19,800, which seems manifestly unequal and unjust. If the statute exempted $20,000 (or any other sum), of every estate from taxation, it would, in our judgment, be equal and valid, even in imposing a graded tax, as it does. But as it stands, we are of the opinion that it violates that principle of uniformity and equality which must be found in all laws imposing taxes of every kind.
J. K. Richards, Attorney-General, and Thomas H. Darbyt Assistant Prosecuting Attorney, for the relator.
Thomas McDougall, John W. Warrington, Wm. M. Amptf and Judge Shroder, for defendant.
4. For substantially the same reason, and on the same grounds, we incline to the opinion that the statute in question in this respect, is invalid as being in contravention of that part of section 1, article 14, of the constitution of the United States, which provides that no state shall “deny to any person within its jurisdiction, the equal protection of the laws.”
The writ will, therefore, be refused.